**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **PURCHASING POWER, LLC,** | |
| **Plaintiff,** | |
| v. | 1:12-cv-258-WSD |
| **BLUESTEM BRANDS, INC.,** | |
| **Defendant.** | |

**ORDER AND OPINION**

This matter is before the Court on Plaintiff's Motion for Leave to File Revised Second Amended Complaint [66].  Also before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint [49].

**I.    BACKGROUND**

On December 21, 2011, Plaintiff Purchasing Power, LLC ("Plaintiff") initiated this action in the Superior Court of Fulton County, Georgia.  In its original complaint [1-1] ("Original Complaint"), Plaintiff asserted seven (7) claims against Defendant Bluestem Brands, Inc. ("Defendant"): violations of the Georgia Trade Secrets Act ("GTSA") (Count I); breach of contract (Count II); liability for injunctive relief (Count III); fraud (Count IV); negligent misrepresentation (Count V); liability for punitive damages (Count VI); and liability for attorney's fees

(Count VII).  In Counts I, II, IV, and V, Plaintiff sought damages for Defendant's alleged conduct.  In only Count I did Plaintiff seek "the unjust enrichment caused by Defendant's misappropriation."  (Orig. Compl. [1-1] ¶ 36.)

On January 25, 2012, Bluestem removed the action to this Court on the basis of diversity of citizenship.  On February 1, 2012, Bluestem moved to dismiss Counts IV and V of the Original Complaint on the grounds that Plaintiff failed to state claims for relief and failed to plead fraud and negligent misrepresentation with "particularity," as required by Rule 9(b) of the Federal Rules of Civil Procedure.  On July 27, 2012, the Court granted, in part, Defendant's motion to dismiss and granted Plaintiff leave to file an amended complaint re-pleading its fraud and negligent misrepresentation claims.

On August 16, 2012, Plaintiff filed its Amended Complaint [39].  The Amended Complaint re-pleaded the fraud and negligent misrepresentation claims and also asserted two new claims for "tortious interference with contractual relations" and "tortious interference with existing and prospective business relations."[1]  Plaintiff did not file, or seek leave to file, a separate claim for unjust enrichment in the Amended Complaint, alleging only that Defendant's conduct in

---

[1] Plaintiff did not seek leave to file these additional claims.  Whether the claims were properly asserted is not presently before the Court.

2

violation of the GTSA caused it to be unjustly enriched.  (See Am. Compl. [39] ¶ 90.)

On October 5, 2012, Plaintiff filed its Motion for Leave to File Second Amended Complaint [49] ("Motion to File Second Amended Complaint") to assert claims against a new defendant.  Plaintiff did not, at that time, seek leave to file a claim for unjust enrichment.

On January 18, 2013, Plaintiff filed its Motion for Leave to File Revised Second Amended Complaint [66] ("Motion to File Revised Second Amended Complaint").  In it, Plaintiff withdraws its Motion to File Second Amended Complaint and now seeks only to add a separate claim for unjust enrichment against Defendant.[2]

## II. DISCUSSION

On March 2, 2012, the parties submitted their Joint Preliminary Report and Discovery Plan [19] (the "Report and Plan") that was entered as an order of the Court on March 5, 2012.  (See Order, Mar. 5, 2012 [21].)  The Report and Plan states: "Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should

---

[2] Because Plaintiff has withdrawn its Motion to File Second Amended Complaint, the Court denies the motion as moot.

have been filed, will not be accepted for filing, unless otherwise permitted by law." (Report & Plan [19] at 17.) Thus, Plaintiff had, under the Report and Plan, thirty (30) days, or until April 4, 2012, to amend its complaint. (Id.) Plaintiff represented in paragraph 6 of the Report and Plan:

> Plaintiff does not anticipate any amendments to the Complaint at this time, absent instruction from the Court in connection with Defendant's pending motions to dismiss. Plaintiff further submits that, should additional claims for violations of the NDA or otherwise become known based on Defendant's responsive pleadings and/or as discovery in this matter progresses, Plaintiff shall amend its Complaint and/or move the Court for leave to amend its Complaint, as appropriate, to assert any such claims at that time.

(Report & Plan [19] at 17.) Plaintiff did not suggest it was considering a change in the relief requested to include a separate unjust enrichment claim.

Plaintiff's January 18, 2013, motion to add an unjust enrichment claim is manifestly beyond the filing deadline.[3] Amendments to pleadings were allowed, if at all, only if filed within 30 days of the Report and Plan. The motion to add a separate unjust enrichment claim was filed seven months after the Report and Plan. Even if it had been timely filed, Plaintiff still would have to show good cause for the amendment requested. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be

---

[3] This is understandable considering that Plaintiff stated in the Report and Plan it did not intend to amend its complaint except as may be required by the Court's order on Defendant's Motion to Dismiss.

4

modified only for good cause and with the judge's consent."); see also Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking extension.'" Sosa, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment, Discussion of subdivision (b))). The good cause standard is met when, in the exercise of due diligence, the party seeking amendment does not discover the facts justifying the amendment until after the amendment deadline. See Datastrip Int'l, Ltd. v. Intacta Techs., Inc., 253 F. Supp. 2d 1308, 1317–18 (N.D. Ga. 2003).

Consistent with the Report and Plan, the Court, in its order deciding Defendant's Motion to Dismiss, allowed Plaintiff to file an amended complaint, and Plaintiff did so on August 16, 2012. (See Order, July 27, 2012 [35] at 18; Am. Compl. [39].) In the Amended Complaint, Plaintiff seeks unjust enrichment based only on its GTSA claim. (Am. Compl. [39] ¶ 90.) Plaintiff did not seek to assert a separate unjust enrichment claim in its first Motion to File Second Amended Complaint.

Plaintiff argues that good cause now exists to allow its proposed amendment adding a separate claim for unjust enrichment because it "originally filed this case as an injunction proceeding" to stop Defendant from launching its competing

product. (Pl.'s Br. [66] at 3.) The Original Complaint discredits this argument. In the Original Complaint, Plaintiff sought injunctive relief in only one of seven counts. (See Compl. [1-1] ¶¶ 46–50.) In four counts, Plaintiff alleged that it suffered, and sought to recover, damages as a result of Defendant's actions. Plaintiff expressly pleaded that it is entitled to recover "the unjust enrichment caused by Defendant's" violation of the GTSA. (Id. ¶ 36.) The Original Complaint plainly shows that this action did not begin simply as an "injunction proceeding" and that Plaintiff was aware, from the filing of suit, that it sought unjust enrichment, but with respect only to its GTSA claim. Plaintiff's failure to plead, or seek leave to plead, a separate claim for unjust enrichment until nearly thirteen months after the filing of its case, and after having filed or sought to file three other complaints, shows that Plaintiff was not diligent in seeking to assert the claim.[4] Good cause to allow the amendment is lacking, and the Court denies

---

[4] On April 10, 2013, at a hearing in this matter, Plaintiff's counsel stated that Plaintiff did not seek to assert an unjust enrichment claim until January 2013 because, until then, it had not felt the "effect" of Defendant's competitive product in the marketplace. (See Hr'g Tr., Apr. 10, 2013 [79] at 10.) In light of the fact that Defendant's product was launched well over a year before the filing of the Motion to File Revised Second Amended Complaint, and that Plaintiff asserted an entitlement to unjust enrichment recovery in its Original Complaint, the Court does not find counsel's representation credible. The Court notes further that Plaintiff represented in the Report and Plan that it did "not anticipate any amendments to the Complaint," to include adding a separate claim for unjust enrichment.

Plaintiff's Motion to File Revised Second Amended Complaint.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Revised Second Amended Complaint [66] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint [49] is **DENIED AS MOOT**.

**SO ORDERED** this 17th day of April, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE